IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00233-MR

| | |
|---|---|
| JAQUAN M. DAVIS,           ) | |
|                 Plaintiff,  ) | |
| vs.                                         ) | **ORDER** |
| FNU MESSER, et al.,               ) | |
|                 Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the Plaintiff's pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.    BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Henderson County Detention Center where he is a pretrial detainee. [Doc. 1]. He names as Defendants: FNU Messer, a corporal; FNU Cox, a lance corporal; and FNU Galloway, an officer. He claims that Defendant Galloway knocked the Plaintiff to the floor when the Plaintiff refused to hand over his shower shoes; that Defendant Cox punched Plaintiff's face; that Defendant Messer slammed the Plaintiff's head into the concrete floor; that the Defendants

carried him off of the housing block, strapped him into a chair and left him there, immobilized; and that the Defendants refused to give him medical attention or allow him to see the nurse although he was "bleeding everywhere" and his "head [was] swollen." [Doc. 1-1 at 1-2]. He seeks compensatory and punitive damages. [Doc. 1 at 4].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a

district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 1-1 at 2 (referring to Lieutenants Bradley and Helton, Sergeant McCray, and Officer Morgan)]; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant

a legal nullity."). The Plaintiff also uses vague terms and pronouns rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 1-1 at 2 (referring to "the nurse," "first shift," and "second shift")]. These claims are too vague and conclusory to proceed. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The allegations directed at individuals not named as defendants or that are too vague and conclusory to be attributed to a defendant are, therefore, dismissed without prejudice.

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the

4

perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

A pretrial detainee's claim based on deliberate indifference to a serious medical need is properly brought pursuant to the Fourteenth Amendment. Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023). To state such a claim, a plaintiff must allege that:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had the condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

Id. at 611. Under this standard, "the plaintiff [need not] show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." Id. "[I]t is enough that the plaintiff show that the defendant acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 836 (1994)). It remains, however, insufficient "for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." Id. at 611-12.

Taking the Plaintiff's allegations as true and drawing all reasonable inferences in his favor, the Plaintiff's Fourteenth Amendment claims for the use of excessive force and for deliberate indifference to a serious medical need against all Defendants survive initial review as they are not clearly frivolous.

## IV. CONCLUSION

In sum, the Plaintiff's Complaint passes initial review on the Plaintiff's claims for the use of excessive force and for deliberate indifference to a serious medical need, and the remaining claims are dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Complaint [Doc. 1] passes initial review against Defendants Messer, Galloway, and Cox for the use of excessive force and for deliberate indifference to a serious medical need.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is respectfully instructed to mail three blank summons forms to the Plaintiff, which the Plaintiff shall fill out and return for service of process on Defendants Messer, Galloway, and Cox. Once the Court receives the completed summonses from

Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon the Defendants.

**IT IS SO ORDERED**.

Signed: October 15, 2024

Martin Reidinger
Chief United States District Judge

7

Case 1:24-cv-00233-MR   Document 7   Filed 10/16/24   Page 7 of 7