IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00233-MR

| | |
|---|---|
| JAQUAN M. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU MESSER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on a sua sponte review of the record. Also pending is the Plaintiff's Motion for Issuance of a Subpoena [Doc. 10].

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Henderson County Detention Center ("HCDC") where he is a pretrial detainee. On October 16, 2024, the Complaint passed initial review for the use of excessive force and for deliberate indifference to a serious medical need against three HCDC employees: FNU Messer, a corporal; FNU Cox, a lance corporal; and FNU Galloway, an officer. [Doc. 7]. The Court ordered the Plaintiff to fill out and return summons forms for service of process on Defendants Messer, Cox, and Galloway. [Id.]. The Plaintiff completed summons forms and returned

them to the Court and, on October 26, 2024, the Clerk issued summonses for the Defendants electronically to the U.S. Marshals Service ("USMS") for service of process on the Defendants. [Doc. 8]. On December 2, 2024, the summonses were returned unexecuted because the USMS was "unable to locate [each] individual with the information provided." [Doc. 9 at 1, 3, 5].

The Plaintiff subsequently filed Letters explaining that the address he used for the summonses is the Defendants' current work address. [See Docs. 11, 12]. He seeks additional blank summons forms so that he can attempt to provide additional information; alternatively, he states that he will attempt service himself via hand-delivery.[1] [Id.]. The Clerk will be instructed to forward the Plaintiff three blank summons forms. The Plaintiff is instructed to complete the summons forms with adequate information to effectuate service on the Defendants, and to return them to the Court within fourteen (14) days. The Plaintiff is cautioned that failure to comply may result in the dismissal of the relevant Defendant(s), or of the entire action, without further notice.

---

[1] The Plaintiff is reminded that he must seek relief from the Court by filing an appropriate "Motion." [See Sept. 10, 2024 Standing Order]. In future, letters will not receive a response and a may be stricken.

In his Motion for Issuance of a Subpoena, the Plaintiff seeks unredacted video footage from the Henderson County Detention Center. [Doc. 10]. This Motion, which was filed before the Court had entered its Pretrial Order and Case Management Plan, appears to be a premature discovery request that has been misdirected to the Court.[2] See Fed. R. Civ. P. 26(c) (as a general matter, a party must make initial disclosures at or within 14 days after the parties Rule 26(f) conference); LCvR 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."); LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). The Motion will, therefore, be denied. The Plaintiff is instructed to familiarize himself with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Order of Instructions, and to comply with the same. [See Feb. 28, 2024 Text Entry (Order of Instructions)].

---

[2] The Motion does not seek leave to engage in early discovery or contain any justification for such a request.

**IT IS THEREFORE ORDERED** that:

1. The Plaintiff shall, within **fourteen (14) days** of this Order, complete the summons forms with adequate information to effectuate service on the Defendants and to return them to the Court.

2. Failure to timely comply with this Order will result in the dismissal of the relevant Defendant(s), or of the entire action, without further notice.

3. The Plaintiff's Motion for Issuance of a Subpoena [Doc. 10] is **DENIED**.

4. The Clerk is respectfully instructed to mail three blank summons forms to the Plaintiff. Once the Court receives the completed summonses from the Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon the Defendants.

**IT IS SO ORDERED.**

Signed: December 30, 2024

Martin Reidinger
Chief United States District Judge